IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| TARIS HOLLOMAN, | * | |
| Petitioner, | * | |
| | | CASE NO. 4:05-CV-115 CDL |
| VS. | * | |
| | | CASE NO. 4:98:CR- 029 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

On October 24, 2005, Petitioner Holloman has filed a **Petition For Suspension of Sentence** in the above referenced case seek seeking relief from the Supervised Release portion of his criminal sentence. Petitioner Holloman is presently in the custody of the State of Georgia. The procedural history of this case shows the following.

Petitioner Holloman was indicted on July 16, 1998 for various drug related offenses. (R-1). He was arrested and detained under the Indictment and an Arrest Warrant issued from July 29, 1998. (R-6,8). On October 14, 1998, Petitioner Holloman entered a Plea of Guilty to Possession of Cocaine Base With Intent to Distribute as charged in Count 9 of the Indictment. (R-227). The Government dismissed Counts 1 and 7 then pending against Petitioner Holloman. (R-267c). Holloman was sentenced to a term of 60 months imprisonment to be followed by a term of three (3) years supervised release. (R-290).

Petitioner Holloman filed no direct appeal of his sentence nor did he file a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 within the one-year

period of limitations allotted by that statute. In his present Petition For Suspension of Sentence (R-399), he pleads that, "No previous application for the relief herein sought has heretofore been made."

Petitioner's Supervised Released commenced on January 25, 2002, according to the **Petition For Action On Supervised Released** filed by the Federal Probation Department on November 26, 2003. (R-395). A Probation Warrant was also filed to revoke Petitioner's Supervised Released on his federal sentence. (R-394), and on March 2, 2005, the District Court issued an Order tolling Petitioner's Supervised Release.(R-395).

In his present Petition For Suspension of Sentence, Petitioner Holloman alleges that his Probation was tolled "Due to charges out of Stewart County, Georgia (1 ct. Agg. Assault & Possession of a firearm by a convicted felon)" but, "Defendant is currently seeking a new trial for the charges in Stewart County," where he has been incarcerated "since August 11, 2002 for the new offenses." He asks "this honorable court to give the defendant credit for this time because defendant was found guilty in trial and did not plea to the above stated offenses," by attached Affidavit In Support of Suspension of Sentence, Petitioner Holloman suggests that, "It would better serve the Court to Suspend the sentence that was tolled on December 8, 2003, for the charges of Aggravated Assault and Possession of a Firearm by a Convicted Felon." Petitioner states that he had not been found guilty of those Stewart County Charges at the time of the tolling. Whether or not the timing of the Stewart County convictions is significant, the Petition For Action On Supervised Release (R-395) enumerates several other violations of Petitioner's Supervised Release in addition to those in Stewart

2

County. Violation Number 2 of the Petition alleged that Petitioner Holloman Possessed With Intent to Distribute Marijuana in Bibb County, Georgia on May 28, 2002, and Violation Number 5 alleged that on or about August 11, 2002, Petitioner Possessed a Rossi .38 caliber Special as evidenced by his arrest by the Georgia Bureau of Investigation on that date.

The District Court's ultimate disposition of the Petition For Action On Supervised Release is governed by 18 U.S.C. § 3583. Title 18 U.S.C. § 3583(g) provides for a Mandatory Revocation of Supervised Release for Possession of controlled substances and for possession of a firearm, saying "the court <u>shall</u> revoke the term of supervised release and require the defendant to serve a term of imprisonment" ("all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release." § 3583(e)(3)).

The District Court filed a DETAINER BASED ON VIOLATION OF PROBATION AND/OR SUPERVISED RELEASE with the State of Georgia Division of Offender Rehabilitation on April 21, 2005. Rule 32.1, Fed. R. Crim. P., provides that Petitioner Holloman shall be duly notified and granted his day in court to defend the allegations of violation of his Supervised Released as alleged in the Petition For Action On Supervised Release (R-395).

Petitioner Holloman has shown no authority by which this court may summarily suspend the remainder of his Supervised Release which was a part of his federal sentence, and 18 U.S.C. § 3583 provides mandatorily otherwise.

WHEREFORE, IT IS RECOMMENDED that Defendant Holloman's Petition For Suspension of Sentence be DENIED.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 28th day of November 2005.

S/   G. MALLON FAIRCLOTH<br>
UNITED STATES MAGISTRATE JUDGE